## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-52239 |
| RODD W. SUTTON | CHAPTER 13 |
| Debtor | JUDGE ALAN M. KOSCHIK |
| | CREDITOR BETTY OPRIAN'S OBJECTION TO CHAPTER 13 PLAN |

Creditor Betty Oprian ("Oprian"), by and through counsel, hereby objects to confirmation of Debtor's Chapter 13 Plan ("Plan") (ECF Doc. No. 6). Under the Plan as currently proposed, the Debtor will contribute $7,740.00 over a span of 36 months to be supplemented by undetermined proceeds from collections on a state court judgment in the Debtor's favor. Debtor has checked the box in Section 5.1 specifying that general unsecured claims are to be paid "[t]he funds remaining after disbursements have been made to all other creditors provided for in this plan." This is also known as a "pot plan," which does not guarantee payment of any kind to unsecured creditors. Debtor's Plan as currently proposed, by not providing full payment of unsecured claims with interest, does not comply with the best interest of creditors test under 11 U.S.C. 1325(a)(4) and therefore cannot be confirmed.

The proposed treatment of unsecured creditors, including Oprian, renders Debtor's Plan unconfirmable. "Under § 1325(a)(4), the value of the distributions to be made to unsecured creditors must be at least equal to the amount those creditors would have received had the Debtors filed a Chapter 7 petition." *In re Myers*, 200 B.R. 155, 159 (Bankr. N.D. Ohio 1996). When paying debts in full, this value must account for the inherent discount caused by the time value of money

to the payee in receiving the value of a debt over time instead of in a lump sum and include interest. *In re Cook*, 322 B.R. 336, 339 (Bankr. N.D. Ohio 2005). Further, the ultimate burden is on the Debtor to show that the Plan complies with §1325(a)(4). *Id.*; *In re Weilnau*, Bankr. N.D. Ohio No. 11-30467, 2012 WL 893264, *2.

In the current case, the Debtor has scheduled $1,248,360.00 in assets, which far outweighs the $15,663.00 in scheduled liabilities. (ECF Doc. No. 1). The scheduled liabilities include no secured creditors, no priority unsecured claims, and only two unsecured creditors, namely Oprian and LVNV Funding, LLC. (ECF Doc. No. 1). Based on the valuation of assets as provided by the Debtor, nothing less than full payment of the unsecured claims would satisfy the best interest test under §1325(b)(4). Even if the liquidation value of Debtor's assets were discounted to 1% of the scheduled value, there would still be sufficient funds to pay the scheduled claims in full.

Debtor's Plan acknowledges in Section 8.1 the need for payment to creditors beyond the monthly contributions to the Plan. Section 8.1 provides that the creditors will be paid from the net proceeds from collection on a judgment in state court in Debtor's favor. While Section 8.1 of the Plan in conjunction with Section 5.1 of the Plan **may** result in full payment of Oprian's claim and therefore proper treatment under the Code, that outcome is far from a certainty. Further, Debtor's Plan does not account for the awarded judgment interest of 5% Oprian would be forced to forgo in receiving payments over time through a Chapter 13 Plan. As the Code places the burden on the Debtor to show that his Plan complies with §1325(b)(4) and it is not provided for nor a certainty that there will be sufficient funds to pay the full present value of the unsecured claims as required, Oprian objects to Debtor's Plan as currently proposed.

For those reasons, creditor Betty Oprian respectfully requests that the Court deny confirmation of Debtor's Chapter 13 Plan.

Respectfully submitted,

AMER CUNNINGHAM CO., L.P.A.

By: */s/ Joshua Vaughan*
    Joshua Vaughan (#0090535)
    One Cascade Plaza, Ste. #1510
    Akron, OH 44308
    (330) 762-2411
    (330) 762-9918 (fax)
    jvaughan@amer-collect.com

### *CERTIFICATE OF SERVICE*

    I certify that on January 27, 2021, a true and correct copy of the foregoing was served: Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

**Keith Rucinski**
efilings@ch13akron.com
*(Trustee)*

**Rodd W Sutton**     represented by     **David A. Mucklow**
*(Debtor)*                                davidamucklow@yahoo.com

    */s/ Joshua Vaughan*
    *Attorney for Betty Oprian*